**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BP West Coast Products LLC, et al., ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> Takhar Borthers Inc., et al., ) <br> ) <br> Defendants. ) | No. CV-07-1807-PHX-PGR <br><br> ORDER |

Pending before the Court is Plaintiffs' Motion for Preliminary Injunction (doc. #2), filed pursuant to Fed.R.Civ.P. 65. Having considered the parties' memoranda, the Court, in the exercise of its broad discretion, finds that the motion should be denied without prejudice.

The plaintiffs have sought preliminary injunctive relief in this breach of contract and trademark infringement action as a result of the defendants' initial failure to remove all of the signage containing the plaintiffs' trademarks from their service stations/mini-markets subsequent to the plaintiffs' termination of their am/pm® and ARCO® franchises.  While it is undisputed that the defendants' businesses still showed some signage containing the plaintiffs' trademarks at the time the preliminary injunction motion was filed, the defendants assert in their verified response to the preliminary injunction motion that all use of the plaintiffs'

|   |   |
|---|---|
| 1 | trademarks has been stopped in that neither of the former franchised businesses |
| 2 | currently has any visible signage linked to the plaintiffs' trademarks.  The plaintiffs |
| 3 | do not contend in their reply that the alleged infringement has not in fact ceased. |
| 4 | The issue before the Court is therefore whether there is now any valid basis for a |
| 5 | preliminary injunction given the defendants' current lack of use of the plaintiffs' |
| 6 | trademarks. |
| 7 | While a court's power to grant injunctive relief clearly survives |
| 8 | discontinuance of the illegal conduct, it must be kept in mind that the sole |
| 9 | purpose of an action for injunctive relief is to forestall future violations. United |
| 10 | States v. W.T. Grant Co., 345 U.S. 629, 633, 73 S.Ct. 894, 897-98 (1953).  Thus, |
| 11 | while the Court cannot conclude that the need for injunctive relief is moot simply |
| 12 | because of the defendants' cessation of their allegedly unlawful conduct, Federal |
| 13 | Trade Commission v. Affordable Media LLC, 179 F.3d 1228, 1238 (9th Cir. 1999), |
| 14 | the defendants' profession that the conduct sought to be enjoined has ceased is |
| 15 | an important factor to be considered in determining the appropriateness of |
| 16 | granting an injunction against now-discontinued acts.  W.T. Grant & Co., 345 U.S. |
| 17 | at 633, 73 S.Ct. at 897; *accord*, City of Mesquite v. Aladdin's Castle, Inc., 455 |
| 18 | U.S. 283, 289, 102 S.Ct. 1070, 1074 (1982).  The plaintiffs, as the moving parties, |
| 19 | bear the burden of persuading the Court that injunctive relief is still necessary |
| 20 | because there exists some cognizable danger of recurrent violation.  W.T.Grant & |
| 21 | Co., 345 U.S. at 633, 73 S.Ct. at 898. |
| 22 | The Court cannot conclude that preliminary injunctive relief is warranted |
| 23 | because the current record does not establish that there is any real threat for, or |
| 24 | any probability of, any recurring infringement by the defendants.  Therefore, |
| 25 | IT IS ORDERED that Plaintiffs' Request for Hearing on Motion for |
| 26 |   |

Preliminary Injunction and Issuance of Order to Show Cause (doc. #13) is denied.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Preliminary Injunction (doc. #2) is denied without prejudice.

DATED this 7th day of November, 2007.

Paul G. Rosenblatt
United States District Judge